**UNITED STATES BANKRUPTCY COURT**

DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
**PIERRE, SOUTH DAKOTA 57501-2463**

IRVIN N. HOYT　　　　　　　　　　　　　　　　　　　　　　TELEPHONE (605) 224-0560
BANKRUPTCY JUDGE　　　　　　　　　　　　　　　　　　　　　　FAX (605) 224-9020

October 18, 2005

David L. Edward, Esq.
Counsel for Great Western Bank
100 North Phillips Avenue, 9th Floor
Sioux Falls, South Dakota  57104

Ms. Carrie Langan
Creditor, *pro se*
28261 473rd Avenue
Worthing, South Dakota  57077

　　　　Subject: *In re Jeff D. and Tracee R. Murphy*,
　　　　　　　　　Chapter 7, Bankr. No. 05-40986

Dear Mr. Edward and Ms. Langan:

　　The matter before the Court is the Motion for Relief From Automatic Stay and Motion to Compel Abandonment ("Motion") filed by Great Western Bank and the objection to the Bank's Motion filed by Carrie Langan. This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c).[1] As set forth below, the Bank's Motion will be granted.

　　*Summary*. Jeff D. and Tracee R. Murphy filed a Chapter 13 petition in bankruptcy on July 14, 2005. Their Chapter 13 case was converted to a Chapter 7 case on October 3, 2005.

　　On September 22, 2005, shortly before the case was converted to Chapter 7, Great Western Bank filed a motion asking the Court to have certain real property abandoned from the bankruptcy estate and to allow it to have relief from the automatic stay to continue a state court foreclosure action regarding some real property. The only objection to the motion was filed by Carrie Langan on October 4, 2005. She argued that the Bank should be paid with the other creditors, including unsecured creditors like herself. She also made allegations of fraud against Debtors and asked that they be held accountable for their actions.

---

　　[1] An evidentiary hearing was not held because no material facts were in dispute.



In re Murphy
October 18, 2005
Page 2

*Discussion.* In a Chapter 7 bankruptcy case such as this one, the case trustee liquidates property of the bankruptcy estate to pay the claims of unsecured or undersecured creditors. If an item of property -- whether a house or a car or something else -- has a valid secured claim against it, the secured creditor must be paid with the asset's proceeds before other claims are paid. If the item of property is worth less or equal to the amount of the secured claim, then the secured creditor generally gets the property back since there is no value in it for the other bankruptcy creditors.

In this case, both the Chapter 7 trustee and Debtors themselves have acknowledged, by not filing an objection to the Bank's Motion, that the Bank holds as collateral all the value in the real property described in the motion. Langan, as the only objector, also did not argue that the subject real property had any value for the bankruptcy estate above the Bank's secured claim. Accordingly, the present record shows there is no equity in the subject land and buildings that belongs to the bankruptcy estate and that can be liquidated to pay unsecured claims. As a secured creditor, under 11 U.S.C. § 554(b) the Bank therefore is entitled to have the case trustee abandon that real property from the bankruptcy estate. Under 11 U.S.C. § 362(c), the Bank is also entitled to have an order from this Court allowing it to finish its state court foreclosure action. The Bank may submit an appropriate order.

That Debtors may have committed fraud or abused the legal system is not an obstacle to the Bank's Motion. Langan may refer her fraud and abuse concerns by letter to the case trustee, John S. Lovald, or Assistant United States Trustee Bruce J. Gering. If she thinks her and her husband's particular claim arose from fraud or if she thinks Debtors have committed fraud in connection with their bankruptcy case, she may file an appropriate complaint under 11 U.S.C. § 523(a) or § 727(a) *before* the January 13, 2006, deadline.

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

INH:sh

CC: case file (docket original; serve parties in interest)

NOTICE OF ENTRY
Under F.R.Bankr.P. 9022(a)
Entered

OCT 18 2005

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court
District of South Dakota

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0869-4<br>Case 05-40986<br>South Dakota<br>Southern (Sioux Falls)<br>Tue Oct 18 15:36:14 CDT 2005 | Barnett Joseph P.<br>Siegel, Barnett & Schutz, LLP<br>PO Box 490<br>Aberdeen, SD 57402-0490 | Bengford Stephanie C.<br>Assistant U.S. Attorney<br>PO Box 3303<br>Sioux Falls, SD 57101-3303 |

 BCS

Edwards David L.
100 N Phillips Ave 9th Floor
Sioux Falls, SD 57104

First Premier Bank
PO Box 1348
Sioux Falls, SD 57101-1348

Gering Bruce J.
Office of the U.S. Trustee
230 S Phillips Ave, Suite 502
Sioux Falls, SD 57104-6321

 Great Western Bank

 IRS

Irvine (ELECTRONIC) Alice
Internal Revenue Service
115 4th Avenue SE
Aberdeen, SD 57401-4380

Langan Carrie
28261 473rd Ave.
Worthing, SD 57077

Langan Steve
28261 473rd Ave.
Worthing, SD 57077

Lovald John S.
Trustee
PO Box 66
Pierre, SD 57501

McMaster Robert B.
Riezman Berger P.C.
7700 Bonhomme, 7th Floor
St. Louis, MO 63105

Murphy Jeff D.
PO Box 90206
Sioux Falls, SD 57109

Murphy Tracee R.
PO Box 90206
Sioux Falls, SD 57109

Perrenoud Scott M.
200 E 10th St Ste200
Sioux Falls, SD 57104

Pokela A. Thomas
PO Box 1102
Sioux Falls, SD 57101

End of Label Matrix
Total addresses 17